IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERLECTRIC, INC. )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>TRAVELERS CASUALTY & )<br>SURETY COMPANY OF AMERICA, )<br>ET AL. )<br>)<br>    **Defendants.** ) | Case No. 1:07-cv-01171<br>Judge Ricardo M. Urbina<br>Assign. Date: 6/29/2007<br>Description: Contract |

### DEFENDANTS TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE AND TURNER CONSTRUCTION COMPANY'S ANSWER TO PLAINTIFF PERLECTRIC, INC.'S COMPLAINT

Defendants Travelers Casualty and Surety Company Of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company Of Maryland ("Fidelity"), Zurich American Insurance Company ("Zurich"), ("Sureties") and Turner Construction Company ("Turner") (collectively "Defendants") hereby file their Answer to Plaintiff PerLectric, Inc.'s ("PerLectric") Complaint ("Complaint"). Defendants state as follows:

### Parties

1. Defendants admit that PerLectric is an electrical subcontractor to Turner on a construction project located at 1101 K Street, N.W., Washington, D.C. ("Project"). Defendants further admit that they are without sufficient information to admit or deny the remaining the allegations in Paragraph 1 of PerLectric's Complaint.

2. Defendants admit Travelers is a Payment Bond Surety on Bond Number 104425618 whereon Turner is identified as principal. Defendants further admits Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut, and is a

Surety duly authorized to conduct surety work in Washington, D.C. A copy of Exhibit A was not attached.

3. Defendants admit Federal is a Payment Bond Surety on Bond Number 8193-03-52 whereon Turner is identified as principal. Defendants further admits Federal is a New Jersey corporation with its principal place of business in Warren, New Jersey, and is a Surety duly authorized to conduct surety work in Washington, D.C. A copy of Exhibit A was not attached.

4. Defendants admit Fidelity is a Payment Bond Surety on Bond Number 08726146 whereon Turner is identified as principal. Defendants further admits Fidelity is a Maryland corporation with its principal place of business in Baltimore, Maryland, and is a Surety duly authorized to conduct surety work in Washington, D.C. A copy of Exhibit A was not attached.

5. Defendants admits Zurich is a Payment Bond Surety on Bond Number 08726146 whereon Turner is identified as principal. Defendants further admits Zurich is a New York corporation with its principal place of business in Schaumberg, Illinois, and is a Surety duly authorized to conduct surety work in Washington, D.C. A copy of Exhibit A was not attached.

6. Defendants admit the allegations in Paragraph 6 of PerLectric's Complaint.

## Jurisdiction

7. Defendants admit the allegations in Paragraph 7 of PerLectric's Complaint.

## Factual Background

8. Defendants admit the allegations in Paragraph 8 of PerLectric's Complaint.

9. Defendants admit the allegations in Paragraph 9 of PerLectric's Complaint.

10. Defendants admit the allegations in Paragraph 10 of PerLectric's Complaint.

11. Defendants admit the allegations in Paragraph 11 of PerLectric's Complaint.

**Turner's Failure To Schedule And Coordinate The Work**

12. The Subcontract is a legal document which speaks for itself. As such, no response is required. In the event that a response is required, Turner denies all allegations inconsistent with the expressed terms of the Subcontract.

13. The Subcontract is a legal document which speaks for itself. As such, no response is required. In the event that a response is required, Turner denies all allegations inconsistent with the expressed terms of the Subcontract.

14. Turner is without sufficient information to admit or deny the allegations in Paragraph 14 of PerLectric's Complaint. Accordingly, the allegations in Paragraph 14 are denied.

15. Turner is without sufficient information to admit or deny the allegations in Paragraph 15 of PerLectric's Complaint. Accordingly, the allegations in Paragraph 15 are denied.

16. Turner is without sufficient information to admit or deny the allegations in Paragraph 16 of PerLectric's Complaint. Accordingly, the allegations in Paragraph 16 are denied.

17. Turner denies the allegations of Paragraph 17 of PerLectric's Complaint.

18. Turner denies the allegations of Paragraph 18 of PerLectric's Complaint

19. Turner denies the allegations of Paragraph 19 of PerLectric's Complaint.

20. Turner denies the allegations of Paragraph 20 of PerLectric's Complaint.

21. Turner denies the allegations of Paragraph 21 of PerLectric's Complaint.

22. Turner denies the allegations of Paragraph 22 of PerLectric's Complaint.

23. Turner denies the allegations of Paragraph 23 of PerLectric's Complaint.

24. Turner denies the allegations of Paragraph 24 of PerLectric's Complaint.

25. Turner denies the allegations of Paragraph 25 of PerLectric's Complaint.

26. Turner denies the allegations of Paragraph 26 of PerLectric's Complaint.

27. Turner denies the allegations of Paragraph 27 of PerLectric's Complaint.

28. The Subcontract is a legal document which speaks for itself. As such, no response is required. In the event that a response is required, Turner denies all allegations inconsistent with the expressed terms of the Contract.

29. Turner denies the allegations of Paragraph 29 of PerLectric's Complaint.

30. Turner denies the allegations of Paragraph 30 of PerLectric's Complaint.

**Turner's Failure To Supply Materials**

31. Turner admits the allegations of Paragraph 31 of PerLectric's Complaint. Exhibit C was not attached to PerLectric's Complaint.

32. Turner admits that it provided equipment as required by the Subcontract. Turner denies that this equipment was critical.

33. Turner denies the allegations of Paragraph 33 of PerLectric's Complaint.

34. Turner denies the allegations of Paragraph 34 of PerLectric's Complaint.

35. Turner denies the allegations of Paragraph 35 of PerLectric's Complaint.

36. Turner denies the allegations of Paragraph 36 of PerLectric's Complaint.

37. Turner denies the allegations of Paragraph 37 of PerLectric's Complaint.

38. Turner denies the allegations of Paragraph 38 of PerLectric's Complaint.

39. Turner denies the allegations of Paragraph 39 of PerLectric's Complaint.

40. Turner denies the allegations of Paragraph 40 of PerLectric's Complaint.

### Turner's Failure To Provide A Watertight Structure

41. Turner denies the allegations of Paragraph 41 of PerLectric's Complaint.

42. Turner admits that some equipment was damaged by building leaks. Turner denies that damage to any equipment was the responsibility of Turner.

43. Turner denies the allegations of Paragraph 43 of PerLectric's Complaint.

44. Turner denies the allegations of Paragraph 44 of PerLectric's Complaint.

45. Turner denies the allegations of Paragraph 45 of PerLectric's Complaint.

46. Turner denies the allegations of Paragraph 46 of PerLectric's Complaint.

47. Turner denies the allegations of Paragraph 47 of PerLectric's Complaint.

48. Turner denies the allegations of Paragraph 48 of PerLectric's Complaint.

49. Turner denies the allegations of Paragraph 49 of PerLectric's Complaint.

### Notice Of Claim

50. Turner denies the allegations of Paragraph 50 of PerLectric's Complaint.

51. Turner denies that it has assessed unwarranted back charges against PerLectric. Turner further denies that PerLectric is owed any further amounts under the Subcontract.

52. Turner admits the allegations of Paragraph 52 of PerLectric's Complaint. Turner denies that it or the other Defendants owes any compensation to PerLectric in connection with this claim.

53. Turner admits the allegations of Paragraph 53 of PerLectric's Complaint.

54. Turner admits the allegations of Paragraph 54 of PerLectric's Complaint. Turner denies that it or the other Defendants owes any money to PerLectric in connection with this claim.

55. Turner denies the allegations of Paragraph 55 of PerLectric's Complaint.

56. Turner denies the allegations of Paragraph 56 of PerLectric's Complaint.

## COUNT ONE
## BOND ACTION

### (Against Travelers, Federal, Fidelity, and Zurich)

57. The answers contained in paragraphs 1 through 56 are incorporated by reference herein as if fully restated.

58. Defendants are without sufficient information to admit or deny the allegations in Paragraph 58 of Complaint. Accordingly, the allegations in Paragraph 58 are denied.

59. Defendants admit the allegations of Paragraph 59 of PerLectric's Complaint

60. Defendants are without sufficient information to admit or deny the allegations in Paragraph 60 of Complaint. Accordingly, the allegations in Paragraph 60 are denied.

61. Defendants are without sufficient information to admit or deny the allegations in Paragraph 61 of Complaint. Accordingly, the allegations in Paragraph 61 are denied.

62. Defendants are without sufficient information to admit or deny the allegations in Paragraph 62 of Complaint. Accordingly, the allegations in Paragraph 62 are denied.

63. Defendants admit the allegations of Paragraph 63 of PerLectric's Complaint.

## COUNT TWO
## BREACH OF CONTRACT

### (Against Turner)

64. The answers contained in paragraphs 1 through 63 above are incorporated by reference herein as if fully restated.

65. Turner denies the allegations of Paragraph 65 of PerLectric's Complaint.

66. Turner denies the allegations of Paragraph 66 of PerLectric's Complaint.

67. Turner denies the allegations of Paragraph 67 of PerLectric's Complaint.

68. Turner denies the allegations of Paragraph 68 of PerLectric's Complaint.

69. Paragraph 69 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 69 are denied.

70. Paragraph 70 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 70 are denied.

71. Turner denies the allegations of Paragraph 71 of PerLectric's Complaint.

72. Turner denies the allegations of Paragraph 72 of PerLectric's Complaint.

73. Turner denies the allegations of Paragraph 73 of PerLectric's Complaint.

74. Paragraph 74 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 74 are denied.

## COUNT THREE (IN THE ALTERNATIVE)
## CARDINAL CHANGE (QUANTUM MERUIT)

**(Against Travelers, Federal, Fidelity, Zurich, and Turner)**

75. The answers contained in paragraphs 1 through 74 above are incorporated by reference herein as if fully restated.

76. Defendants deny the allegations of Paragraph 76 of PerLectric's Complaint.

77. Defendants deny the allegations of Paragraph 77 of PerLectric's Complaint.

78. Defendants deny the allegations of Paragraph 78 of PerLectric's Complaint.

79. Defendants deny the allegations of Paragraph 79 of PerLectric's Complaint.

80. Defendants deny the allegations of Paragraph 80 of PerLectric's Complaint.

81. Defendants deny the allegations of Paragraph 81 of PerLectric's Complaint.

82. Defendants deny the allegations of Paragraph 82 of PerLectric's Complaint.

## COUNT FOUR (IN ALTERNATIVE)
## ABANDONMENT (QUANTUM MERUIT)

**(Against Travelers, Federal, Fidelity, Zurich, and Turner)**

83. The answers contained in paragraphs 1 through 82 above are incorporated by

reference herein as if fully restated.

84. Defendants deny the allegations of Paragraph 84 of PerLectric's Complaint.

85. Defendants deny the allegations of Paragraph 85 of PerLectric's Complaint.

86. Defendants deny the allegations of Paragraph 86 of PerLectric's Complaint.

87. Defendants deny the allegations of Paragraph 87 of PerLectric's Complaint.

88. Defendants deny the allegations of Paragraph 88 of PerLectric's Complaint.

89. Defendants deny the allegations of Paragraph 89 of PerLectric's Complaint.

90. Paragraph 90 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 90 are denied.

91. Paragraph 91 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 91 are denied.

## **AFFIRMATIVE DEFENSES**

92. PerLectric's Complaint fails to state a claim upon which relief can be granted.

93. PerLectric's claims are barred by the doctrine of laches.

94. PerLectric's claims are barred by PerLectric's own breach of its Subcontract with Turner. PerLectric's claims are barred because Turner did not breach the Subcontract.

95. PerLectric's claims are barred by the doctrine of set-off.

96. PerLectric's unjust enrichment and quantum meruit claims are barred because PerLectric and Turner have an enforceable Subcontract.

97. If PerLectric suffered any damages, the damages were caused by its own acts and omissions.

98. PerLectric's claims are barred by the doctrine of estoppel.

99. PerLectric's claims are barred by the doctrines of waiver and release.

100. PerLectric's claims must fail for lack of notice as required under the Subcontract.

101.  Turner has not been fully paid by the Owner.

102.  PerLectric has not completed its scope of work under the contract.

103.  Defendants reserve the right to assert further affirmative defenses as they may develop during discovery.

## WAIVER OF TRIAL BY JURY

Pursuant to the Subcontract, PerLectric "expressly agree[d] to waive its right to trial by jury in case Turner elect[ed] to resolve the dispute in litigation."

**WHEREFORE**, Defendants Travelers Casualty and Surety Company Of America, Federal Insurance Company, Fidelity and Deposit Company Of Maryland, Zurich American Insurance Company, and Turner Construction Company ("Defendants") respectfully request that this Court issue an Order in their favor dismissing the Complaint of Plaintiff PerLectric Inc., awarding Defendants' their costs and fees in defense of this action, and awarding such further relief as this Court deems just and equitable.

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

By: ___/s/ Andrew W. Stephenson_____
Andrew W. Stephenson (DC Bar #286518)
2099 Pennsylvania Avenue, NW
Washington, D.C. 20007
Tel:    (202) 955-3000
Fax:    (202) 955-5564

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of September, 2007, I caused a copy of the foregoing Answer to PerLectric, Inc.'s Complaint against Travelers Casualty and Surety Company Of America, Federal Insurance Company, Fidelity and Deposit Company Of Maryland, Zurich American Insurance Company, and Turner Construction Company to be sent by eservice to the following:

        Michael A. Lewis, Esq.
        Herman M. Braude, Esq.
        BRAUDE & MARGULIES, P.C.
        1200 Potomac Street, N.W.
        Washington, D.C. 20007

        _____/s/ Andrew Stephenson_____
        Andrew W. Stephenson

# 4768130_v4