naIIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERLECTRIC, INC.**            )<br>                                                 )<br>           **Plaintiff,**           )<br>                                                 )<br>v.                                            )<br>                                                 )<br>**TRAVELERS CASUALTY &**  )<br>**SURETY COMPANY OF AMERICA,** )<br>**ET AL.**                                )<br>                                                 )<br>           **Defendants.**      )<br>_____ ) | Case No. 1:07-cv-01171<br>Judge Ricardo M. Urbina<br>Assign. Date: 6/29/2007<br>Description: Contract |

## JOINT RULE 16.3 REPORT TO THE COURT

1.   On November 16, 2007, the following persons participated in a Rule 26(f) and Local Civil Rule 16.3(c) conference in accordance with this Court's September 6, 2007 Order:

   (a)   Michael A. Lewis for Plaintiff Perlectric, Inc. ("Perlectric").

   (b)   Andrew W. Stephenson for Defendants Travelers Casualty and Surety Company Of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company Of Maryland ("Fidelity"), Zurich American Insurance Company ("Zurich") (collectively "Sureties"), and Turner Construction Company ("Turner") (collectively "Defendants").

2.   <u>Statement of the case</u>.

   Perlectric, an electrical subcontractor, entered into a subcontract with Turner, a general contracting company, to perform electrical and fire alarm installation for the construction of a ten-story office building located at 1101 K Street, N.W., in Washington, D.C. (the "Project"). The Sureties issued Payment Bonds to Turner for the Project. A dispute arose between Perlectric and Turner regarding Perlectric's performance and Turner's obligation to pay for materials and labor allegedly furnished to the Project.  On June 29, 2007, Perlectric filed a complaint for

breach of contract, which initiated these proceedings, against the Defendants. The Defendants filed their Answer on September 6, 2007.

3.  <u>Initial Disclosures</u>.  The parties will submit the initial disclosures required by Rule 26(a)(1) by **December 6, 2007.**

4.  <u>Discovery Plan</u>.  The parties propose this discovery plan:

    (a)  Discovery will be needed on these subjects:

        (i)  Scheduling/coordination of Perlectric's scope of work;

        (ii)  Turner's delivery of materials;

        (iii)  Perlectric's notice of its claim; and

        (iv)  Prevention of water intrusion into Perlectric's work space; and

        (v)  The allegations made by the parties in their respective pleadings.

    (b)  The period for discovery will commence on **December 3, 2007**.

        (i)  The last day to propound written discovery is **April 4, 2008**.

        (ii)  The last day to complete fact discovery is **July 3, 2008**.

        (iii)  Expert witness reports must be exchanged by the following dates:

            (A)  Proponent witness:  **August 4, 2008**; and

            (B)  Rebuttal witness:  **September 5, 2008**.

        (iv)  Expert depositions must be completed by **October 3, 2008**.

    (c)  The parties do not wish to alter the federal rules governing interrogatories, requests for admissions, or depositions.

    (d)  The parties do not believe a protective order is necessary.

5.  In addition the parties conferred about the following questions set forth in Rule 16.3(c):

    (a)  This court scheduled the Rule 16 initial conference on **November 26, 2007** at 11:00am.

(b) Plaintiffs and Defendants must amend pleadings or join additional parties by **November 11, 2008**.

(c) The parties request that a pretrial conference will be held on **January 5, 2009**.

(d) *Whether the case should be assigned to a magistrate for all purposes, including trial.*

The parties do not believe the case should be assigned to a magistrate judge.

(e) *Whether the trial and/or discovery should be bifurcated.*

The parties do not believe the trial or discovery should be bifurcated or managed in phases.

(f) *Whether the case is likely to be disposed of by a dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

It is too early to assess whether the entire case is likely to be resolved in whole or in part by dispositive motion.

The dates governing dispositive motions shall be as follows:

   (i) The final date to file a dispositive motion shall be **November 3, 2008**.

   (ii) Any opposition to a dispositive motion shall be due by **November 24, 2008**.

   (iii) The parties propose that a decision on dispositive motions be made by **December 19, 2008**.

(g) *Whether there is a realistic possibility of settling the case.*

The parties believe there is a realistic possibility of settling the case. The parties have engaged in good-faith settlement discussions but have not agreed to settlement of this case.

(h) *Whether the case could benefit from the court's alternative dispute resolution (ADR) procedures (or some other form of ADR).*

The parties are amenable to mediation, using a mediator agreed upon by the parties, if their settlement efforts are not successful.

(i) *Rule 26(a)(1) Disclosures.*

    The parties do not agree to stipulate to dispense with Rule 26(a)(1) disclosures.

(j) *Whether the court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pre-trial conference from 30 to 60 days after that conference.*

    The parties propose that a trial date be set at the final pretrial conference. The parties estimate the length of the trial to be 4 to 5 days.

    The parties will submit a pretrial statement within ten (10) days before trial, including witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists pursuant to Rule 26(a)(3).

    Objections to proposed witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists pursuant to Rule 26(a)(3) shall be determined at the pretrial conference.

Dated: November 19, 2007

                        Respectfully submitted,

| | |
|---|---|
| ___/s/_____ | ___/s/_____ |
| Michael A. Lewis, Esq. | Andrew W. Stephenson, Esq. |
| (D.C. Bar No. 479906) | (D.C. Bar No. 286518) |
| Herman M. Braude, Esq. | Rashida Y.V. MacMurray, Esq. |
| (D.C. Bar No. 051326) | (D.C. Bar No. 482219) |
| BRAUDE & MARGULIES, P.C. | HOLLAND & KNIGHT, LLP |
| 1200 Potomac Street, N.W. | 2099 Pennsylvania Avenue, NW |
| Washington, D.C. 20007 | Washington, D.C. 20006 |
| (202) 471-5400 | (202) 955-3000 |
| (202) 471-5404 | (202) 955-5564 |
| mlewis@braudemargulies.com | andrew.stephenson@hklaw.com |
| hbraude@braudemargulies.com | rashida.macmurray@hklaw.com |

# 4944970_v1